IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| James McCathrin, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-cv-282 |
| Welborn Companies, LLC (a/k/a Welborn Garage), | § § § | FLSA Collective Action |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff James McCathrin ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Welborn Companies, LLC (a/k/a Welborn Garage) ("Defendant"), showing in support as follows:

## I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiff, on behalf of himself and all others similarly situated, pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek as employees of Defendant.

2.     Plaintiff also brings an individual FLSA minimum wage claim against Defendant for failing to pay him any wages for his hours worked during his final workweek of employment with Defendant.

3.      Plaintiff and the putative collective action members were primarily employed by Defendant as hourly paid garage door and/or gate installation and/or repair workers (collectively "garage door technicians").

4.      Plaintiff and the putative collective action members routinely worked in excess of 40 hours per seven-day workweek as employees of Defendant. However, Defendant did not pay Plaintiff and the putative collective action members all overtime wages owed because it deducted time from their respective hours worked per workday for non-bona fide meal breaks (the "non-bona fide meal break deduction(s)"). As Plaintiff and the putative collective action members routinely worked 40 or more hours per seven-day workweek exclusive of those non-bona fide meal break deductions, the non-bona fide meal break deductions resulted in Plaintiff and the putative collective action members not being paid time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek.

5.      Plaintiff, on behalf of himself and all others similarly situated, seeks all damages available, including FLSA unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

6.      Plaintiff individually seeks all damages available for Defendant's violations of the FLSA's minimum wage provisions, including unpaid minimum wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.      THE PARTIES, JURISDICTION, AND VENUE

### A.      Plaintiff James McCathrin

7.      Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

8.      Plaintiff was employed by Defendant in and around Dallas County, Texas.

9.      By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.      Putative Collective Action Members**

10.     The putative collective action members are all current and/or former employees of Defendant who work(ed) as hourly paid garage door technicians, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek exclusive of non-bona fide meal break deductions, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's non bona-fide meal break deduction practice, plan, and/or policy.

11.     Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

12.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

13.     Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

**C.      Defendant Welborn Companies, LLC (a/k/a Welborn Garage)**

14.     Defendant is a domestic for-profit limited liability company.

15.     Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

16.     Defendant's principal place of business is at 2350 Crist Road, Suite 100, Garland, Texas 75040.

17.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18.     At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

19.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

20.     For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include garage doors and related equipment, gates and related equipment, tools used in connection with garage door and/or gate installation and/or repair, computers, and phones.

21.     On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 during the time period relevant to this lawsuit.

22.     Defendant may be served with summons through its registered agent, Stephen M. Schultz, 2350 Crist Road, Suite 100, Garland, Texas 75040.

**D.     Jurisdiction and Venue**

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

25.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

26.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

27.     Venue is proper in this Court because Defendant's principal place of business is located in Dallas County, Texas.

### III.      FACTUAL BACKGROUND

28.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29.     Defendant is a garage door and gate installation and repair business.

30.     Defendant performs its business services in the Dallas-Fort Worth area.

31.     Plaintiff was primarily employed by Defendant as a garage door technician.

32.     Plaintiff was employed by Defendant from approximately March 29, 2021, to approximately December 23, 2021.

33.     Plaintiff was paid on an hourly basis by Defendant.

34.     Plaintiff was paid approximately $15.00 per hour from the beginning of his employment until approximately October 2021. Between approximately October 2021 to the end of Plaintiff's employment with Defendant, Plaintiff's rate of pay was set at $17.00 per hour.

35.     The warehouse at which garage door technicians like Plaintiff reported for work in a given workday changed during Plaintiff's employment. The first warehouse was located at 701 East Walnut Street, Garland, Texas. In approximately September 2021, Defendant moved the warehouse to 1920 Hutton Court, #500, Farmers Branch, Texas.

36.     In a typical workday, Plaintiff reported to Defendant's warehouse where he obtained daily work instructions, prepared and loaded the company vehicle with supplies,

equipment, and tools needed for specific work, and then drove to the first customer's location to perform services requested or required by that customer.

37.    In a typical workday, Plaintiff performed garage door technician work for approximately one to three different customers of Defendant's in the Dallas-Fort Worth area. When Plaintiff finished services at one customer's location in a workday, he either drove the company vehicle to the next customer's location (if there was more than one customer in that day) or drove the company vehicle back to Defendant's warehouse to conclude the workday.

38.    For time keeping purposes, and pursuant to Defendant's requirements, Plaintiff logged in through an ADP application on his mobile device when he arrived at Defendant's warehouse. Plaintiff logged out using that ADP application on his mobile device after he returned to the warehouse and concluded his workday.

39.    Defendant automatically deducted approximately one hour per workday from Plaintiff's time worked for a non-bona fide meal break. Plaintiff routinely did not take or receive a one-hour bona fide meal break, or any bona-fide meal break, in a given workday.

40.    Defendant could have allowed Plaintiff to log out and log in for any bona-fide meal break in a workday using the ADP application he used to log in at the beginning of the workday and out at the end of the workday.

41.    However, Defendant chose to automatically deduct approximately one hour per workday for a meal break without determining what bona fide mealtime, if any, Plaintiff actually took or received.

42.    The meal break time deduction was done through and ADP application or program by Defendant.

43.    Defendant knew or had reason to believe that Plaintiff did not receive a bona-fide meal break relative to each such deduction it made from Plaintiff's hours worked.

44.    During the non-bona fide meal break deductions in a workday, Plaintiff was generally either at a customer's worksite performing work or driving from one work location to another. To the extent Plaintiff had any meal during a workday, it would be something quick (less than the one hour deducted and generally less than 20 minutes) while he was working or driving. Furthermore, Plaintiff had to stay with or near the company vehicle and tools, supplies, and/or equipment during a typical workday (for example, at the customer's location where the work was being performed). The pace of work demanded of Plaintiff in a typical workday did not allow for a one-hour bona fide meal break. Plaintiff remained responsible for substantial work-related duties either at the given customer's location or while driving when the meal break time was deducted by Defendant. To the extent any meal was had by Plaintiff in a workday, Plaintiff was subjected to real limitations on his personal freedom which inured to the benefit of the employer.

45.    Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant exclusive of the non-bona fide meal break deductions.

46.    Defendant's non-bona fide meal break deduction practice, plan, and/or policy resulted in Plaintiff not being paid time and one-half his regular rate of pay for each and every hour worked over 40 per seven-day workweek.

47.    Defendant employed and employs numerous other garage door technicians who, like Plaintiff, are/were paid on an hourly basis, clock(ed) in and out using an ADP application, perform(ed) substantially similar job duties as Plaintiff for Defendant's customers in and around the Dallas-Fort Worth area, routinely work(ed) 40 or more hours per seven-day workweek exclusive of non-bona fide meal break deductions, are/were subject(ed) to Defendant's non-bona

fide meal break deduction practice, plan, and/or policy, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for each and every hour worked over 40 per seven-day workweek due to Defendant's non-bona fide meal break deduction practice, plan, and/or policy.

48.     Defendant started the workweek on a Monday and ended it on a Sunday for Plaintiff and other hourly paid garage door technicians. Plaintiff and other hourly paid garage door technicians were typically paid the Friday after the week that the corresponding work was performed.

49.     Plaintiff's last date of employment with Defendant was on approximately Thursday, December 23, 2021. During that workweek, Plaintiff worked approximately three workdays. Plaintiff worked many hours for Plaintiff in that final workweek. However, Defendant did not pay Plaintiff any wages for hours worked in that workweek on or before the regularly scheduled or required pay date for same. As of the filing of this lawsuit, Defendant has not paid Plaintiff any wages for hours he worked in his final workweek of employment with Defendant. Defendant has violated the FLSA's minimum wage provisions as a result.

## IV.    CONTROLLING LEGAL RULES

50.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

51.     The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … not less than … $7.25 an hour." 29 U.S.C. § 206(a)(1)(C).

52.    "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

53.    The FLSA requires wage payments to employees to be "free and clear." *See* 29 C.F.R. § 531.35 ("Whether in cash or in facilities, wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. The wage requirements of the [FLSA] will not be met where the employee kicks-back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the kick-back is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the [FLSA] in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the [FLSA]." (quotations omitted)).

54.    "An employer may not withhold or divert any part of an employee's wages unless the employer: (1) is ordered to do so by a court of competent jurisdiction; (2) is authorized to do so by state or federal law; or (3) has written authorization from the employee to deduct part of the wages for a lawful purpose." Tex. Lab. Code § 61.018.

55.    Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and

total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

56.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

57.    Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

58.    An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (*citing Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

59.    "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough.

Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

60.    "Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are [compensable] rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating." 29 C.F.R. § 785.19.

61.    "To be classified as a bona fide meal period, an employee 'must be completely relieved from duty for the purpose of eating meals' during that period." *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 264–65 (5th Cir. 1998) (citing 29 C.F.R. § 785.19). The Fifth Circuit employs a "predominant benefit test" to determine if a meal break is a bona-fide meal break. *Id.* "The critical question under that test is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee." *Id.* "The employer bears the burden to show that meal time qualifies for this exception from compensation." *Id.*

62.    Breaks in time during the workday that are 20 minutes or less must be treated as compensable time under the FLSA. *See Naylor v. Securiguard, Inc.*, 801 F.3d 501, 505 (5th Cir. 2015); *Gomez v. MI Cocina Ltd.*, 3:14-CV-2934-P, 2015 WL 13852376, at *2 (N.D. Tex. Dec. 16, 2015); *Sec. U.S. Dept. of Lab. v. Am. Future Sys., Inc.*, 873 F.3d 420, 432 (3d Cir. 2017) (The requirement that breaks in time during the workday of 20 minutes or less be counted as compensable time under the FLSA is a "bright line rule.").

63.    "Any employer who violates [29 U.S.C. § 206 and/or 29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

## V.    FLSA CLAIMS

64.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

65.    Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

66.    Defendant is and/or has been an enterprise engaged in commerce under the FLSA during all years relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A).

67.    Defendant complied with the FLSA's posting of notices provision set forth in 29 C.F.R. § 516.4.

68.    Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

69.    Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

70.    Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 206(a)(1)(C).

71.    Plaintiff and the putative collective action members are and/or were paid on an hourly basis by Defendant.

72.     At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

73.     At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant exclusive of non-bona fide meal break deductions.

74.     Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

75.     Defendant does not and/or did not pay Plaintiff and the putative collective action members all FLSA mandated overtime wages because it deducts/deducted time for non-bona fide meal breaks.

76.     Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit (three years preceding the date this lawsuit was filed and forward).

77.     The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

78.     The putative collective action members are similarly situated to the Plaintiff and to each other under the FLSA relative to the unpaid overtime wage claims in this lawsuit. 29 U.S.C. § 216(b).

79.     Defendant did not and has not paid Plaintiff at least $7.25 per hour worked in his last workweek employed by Defendant when dividing all remuneration received by all hours

worked in that workweek. As of the filing of this lawsuit, Defendant has not paid Plaintiff any wages for hours he worked in his last workweek of employment with Defendant. The failure of Defendant to pay Plaintiff at least the FLSA mandated minimum hourly wage for each hour worked in that workweek is a violation of the FLSA. 29 U.S.C. § 206(a)(1)(C).

80.    Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek due to its non-bona fide meal break practice, policy, and/or plan. Defendant intentionally deducted approximately one hour per workday from Plaintiff and the putative collective action members time worked for meal breaks it knew or had reason to believe were not bona-fide meal breaks. Defendant could have allowed Plaintiff and the putative collective action members to log out and in using the ADP application for bona fide meal breaks taken, if any, but instead chose to automatically deduct a one-hour meal break.

81.    Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

82.    Plaintiff, individually, seeks all damages for Defendant's violations of the FLSA's minimum wage provisions.

## VI.    FLSA COLLECTIVE ACTION

83.    Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide

collective action in FLSA case); *see also, Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (same).

84.     Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who work(ed) as hourly paid garage door technicians, and like Plaintiff, routinely work/worked 40 or more hours per seven-day workweek exclusive of non-bona fide meal break deductions, but are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek due to Defendant's non bona-fide meal break deduction practice, plan, and/or policy.

85.     Because Defendant did not and does not pay all overtime premium compensation to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

86.     The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

87.     Plaintiff reserves the right to redefine the collective action class, request more than one class, and/or request sub-classes relative to any motion for certification and notice filed in this lawsuit.

## VII.    <u>JURY DEMAND</u>

88.     Plaintiff demands a jury trial.

## VIII.    <u>DAMAGES AND PRAYER</u>

89.     Plaintiff asks that he and the collective action members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a. An order certifying the FLSA overtime wage claims in this case as a FLSA collective action (including sub-classes as necessary) and requiring notice to be issued to all putative collective action members,

b. All damages allowed by the FLSA, including unpaid overtime wages, for Plaintiff and the collective action members,

c. Liquidated damages in an amount equal to unpaid FLSA overtime wages for Plaintiff and the collective action members,

d. All damages allowed Plaintiff by the FLSA for all unpaid minimum wages,

e. Liquidated damages to Plaintiff in an amount equal to unpaid FLSA minimum wages or FLSA minimum wages that were not paid to Plaintiff by Defendant on or before the regularly scheduled or otherwise required pay date for same,

f. Legal fees,

g. Costs,

h. Post-judgment interest, and/or

i. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: February 6, 2022.

Respectfully submitted,

By:    s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF

*Plaintiff's Original Complaint – Page* 16